IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| TARA PATTON, on behalf of herself and all other similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>CONVERGYS CORPORATION and CONVERGYS CUSTOMER MANAGEMENT GROUP, INC.<br><br>Defendants. | CASE NO. 1:17-CV-00112-HSM-CHS<br><br>SETTLEMENT AGREEMENT AND RELEASE |

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between Tara Patton ("Named Plaintiff") and Amber Thirkill (Opt-in Plaintiff) (collectively "Plaintiffs") and Defendants Convergys Corporation and Convergys Customer Management Group Inc. ("Defendants"). Defendants and the Plaintiffs (collectively the "Settling Parties") do hereby agree to do all things and procedures necessary and appropriate to obtain approval of this Agreement in consideration for: (a) payment by Defendants of the consideration expressed herein subject to the terms, conditions, and limitations of this Agreement; (b) the dismissal with prejudice of Plaintiffs' lawsuit; (c) the release of all claims of failure to pay compensation of any kind for any work performed by the Plaintiff or Opt-in Plaintiff; and (d) other valuable monetary and non-monetary consideration as set forth herein.

## I. CONSENT TO COURT SUPERVISION AND APPROVAL

**A.** The Settling Parties shall cooperate with each other to present a Joint Motion to approve the Agreement under the appropriate standards for approving settlements under the Fair Labor Standards Act ("FLSA"), which will include a request that this Agreement and its terms remain confidential.

1

**B.**  The Settling Parties and counsel believe that the Agreement is a fair and reasonable compromise of disputed claims and enter into this Agreement voluntarily and knowingly after analyzing the risks of continued litigation and their likelihood of success on the merits. The consideration to be paid to the Named Plaintiff and the Opt-in Plaintiff reflects for each of them an analysis of their allegedly unpaid time over the period covered by their claims and constitutes more than adequate consideration for their return promises, releases, and obligations. The claims of all persons who have opted into this lawsuit are resolved by this Agreement.

**C.**  Neither the Plaintiffs, nor Plaintiffs' Counsel, shall distribute any press release, make any statements to the press, hold any press conference, or in any way disclose any term of this Agreement to any non-party to the case, except as required by law or as permitted for tax purposes. At no time may the Plaintiffs or Plaintiffs' Counsel disclose the terms of this Agreement to any employee or former employee of Defendants who is not a party to this case. Plaintiffs' Counsel agree that they shall not: (1) disclose the terms of this Agreement to attorneys outside their firm; (2) use this Agreement in any marketing, seminar, or training materials or other efforts to obtain business; or (3) place anything on their websites, promotional materials, and/or resumes regarding this litigation, including without limitation the terms or the amount of monetary compensation agreed to in this Agreement.

## II. SETTLEMENT APPROVAL PROCEDURE

This Agreement will become final and effective upon occurrence of all of the following events:

**A.**  Execution of the Agreement by the Settling Parties and their respective counsel of record.

**B.**  Submission of this Agreement to the Court for approval.

C. Entry of an Order by the Court granting approval of this Agreement.

D. Delivery to Plaintiffs' undersigned counsel of checks payable as, and in amounts as, set forth below.

1. The following payments represent wages and are in satisfaction of all claims by Plaintiff and the Opt-in Plaintiff for allegedly unpaid overtime and wages of any kind for any claim released in this Agreement. All applicable withholdings will be withheld from each payment and a Form W-2 will be issued to the respective payee for her payment:

    a. $5,600 in a check payable to "Tara Patton"; and

    b. $5,000 in a check payable to "Amber Thirkill";

2. The following payments represent incentive payments to Tara Patton for her service as a Named Plaintiff, as well as additional, non-wage compensation that satisfies any claim for any other damages allegedly owed by Defendants for any claim released in this Agreement:

    a. $5,600 in a check payable to "Tara Patton".

Named Plaintiff affirms and warrants that Defendants have no obligation to withhold taxes on the payments listed in this paragraph, that these payments do not represent overtime or wages in any way, and that she is solely responsible for her own payment of all applicable taxes, if any, in a timely manner. Defendants shall issue a Form 1099 – Misc. to Plaintiff for the amount of payment listed in this paragraph. If any local, state, or federal authority determines that withholding should have occurred, Plaintiff shall indemnify Defendants for any costs, expenses, or penalties, including attorneys' fees, with respect to the payment of taxes or failure to withhold on

the payment made to her under this paragraph.

3. The following payments to Plaintiffs' Counsel represent compensation for costs, expenses, and attorneys' fees. Defendants shall issue a Form 1099 – Misc. to each Plaintiff for both of these payments and to each listed counsel for their respective payments.

    a. $11,800 in a check payable to "Gilbert McWherter Scott Bobbitt PLC", whose federal tax I.D. number is 86-1106459.

The payments provided for in this section will be mailed to Plaintiffs' Counsel within the later of: (1) five business days after the Court grants approval of this Agreement, or (2) fourteen calendar days after Defendants receive a copy of the Agreement fully executed by Plaintiffs and Plaintiffs' Counsel. Plaintiffs and Plaintiffs' Counsel agree that the consideration paid by Defendants under this Agreement are amounts to which she and the Opt-in Plaintiff are not otherwise entitled.

## III. EFFECT OF NONAPPROVAL

In the event that any of the conditions specified in Section II of this Agreement is not satisfied, or in the event that this Agreement does not obtain approval of the Court for any reason, all matters covered by this Agreement shall be null and void. In such event, nothing in this Agreement shall be used or construed by or against any party as a determination, admission, or concession of any issue of law or fact in the litigation; and the Settling Parties do not waive, and instead expressly reserve, their respective rights with respect to the prosecution and defense of the litigation as if this Agreement never existed.

## IV. RELEASE BY PLAINTIFFS

In exchange for the considerations recited in this Agreement, the Plaintiff, for herself and for the Opt-in Plaintiff she represents, does hereby agree to dismiss with prejudice and forever

4

release, acquit, discharge, and covenant not to sue Convergys Corporation, Convergys Customer Management Group Inc., and all of their past, present, and future divisions, affiliates, predecessors, successors, shareholders, officers, directors, employees, agents, attorneys, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries and privies (collectively "Convergys") for: (a) the alleged failure to pay compensation of any kind for any work performed in any position at Convergys during Plaintiffs' employment with Convergys up to the date of this Agreement; (b) the alleged violation of the FLSA or of Tennessee or other state wage and hour law arising from the Plaintiffs' employment with Convergys up to the date of this Agreement; and (c) all claims which have been brought against Convergys in *Patton v. Convergys Corporation*, Civil Action No. 1:17-CV-00112. This release of all wage and hour claims explicitly includes any claim for unpaid overtime, unpaid wages, unpaid bonuses or incentives, breach of contract, unjust enrichment, and for damages or compensation of any kind for allegedly unpaid work performed up to the date of this Agreement, including any claim for costs, expenses, and attorneys' fees related to any of Plaintiffs' wage and hour claims, whether such claim arises under common law or pursuant to federal or state statute, ordinance, or regulation. The Plaintiff, for herself and for the Opt-in Plaintiff she represents, agrees that she has been fully paid for all hours worked for Convergys up to the date of this Agreement.

## V. REPRESENTATION BY COUNSEL

All of the Settling Parties acknowledge that they have been represented by counsel throughout all negotiations which preceded the execution of this Agreement and that this Agreement has been executed with the consent and advice of counsel.

## VI. NO ADMISSION OF LIABILITY

The Settling Parties acknowledge and agree that liability for the actions which are the subject matter of this Agreement is disputed by the Settling Parties. This Agreement and the settlement are a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Settling Parties to this Agreement. The Settling Parties further acknowledge and agree that this Agreement and the settlement shall not be used to suggest an admission of liability in any dispute the Settling Parties may have now or in the future with respect to any person or entity. Neither this Agreement nor anything herein, nor any part of the negotiations had in connection herewith, shall constitute evidence with respect to any issue or dispute.

## VII. MODIFICATION OF AGREEMENT

This Agreement may not be modified or amended except in writing, signed by the respective counsel of record for the Settling Parties and as approved by the Court.

## VIII. FURTHER COOPERATION

The Settling Parties and their respective attorneys shall proceed diligently to prepare and execute all documents, to seek the necessary Court approvals, and to do all things reasonably necessary to consummate the Agreement and settlement as expeditiously as possible.

## IX. CONSTRUCTION AND INTERPRETATION

This Agreement constitutes the entire agreement between the Settling Parties. Except as expressly provided herein, this Agreement has not been executed in reliance upon any other oral or written representations or terms, and no such extrinsic oral or written representations or terms shall modify, vary, or contradict their terms. In entering into this Agreement, the Settling Parties agree that this Agreement is to be construed according to its terms and may not be varied or contradicted by extrinsic evidence. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement and/or the written memorandum of understanding, or any specific term or condition thereof.

## X. COUNTERPARTS

This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may be executed in one or more counterparts, each of which shall be deemed an original of this Agreement. All counterparts of any such document together shall constitute one and the same instrument.

## XI. BINDING EFFECTS

This Agreement is binding upon and shall inure to the benefit of the Settling Parties to this Agreement, as well as their respective attorneys, and past, present, and future divisions, predecessors, successors, shareholders, officers, directors, employees, agents, trustee, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, and privies. Without limiting the foregoing, this Agreement specifically shall be binding upon the spouses, children, heirs, assigns, successors and offspring of the Plaintiffs and Opt-in Plaintiff.

7

## XII. ATTORNEYS' FEES, COSTS, AND EXPENSES

The amounts to be paid by Defendants as set forth above fully satisfy any and all claims for attorneys' fees, costs and expenses, including any related litigation expenses, of the Plaintiff and Opt-in Plaintiff related to any claim released in this Agreement. Defendants have no responsibility for other or further such costs or expenses of the Plaintiffs, each of whom shall bear responsibility for their own attorneys' fees, costs, and expenses, taxable or otherwise, incurred by them or arising out of this litigation and shall not seek reimbursement thereof from any party to this Agreement.

## XIII. AUTHORITY OF COUNSEL

Counsel for the Plaintiffs, identified below, warrant and represent that they are expressly authorized by the Plaintiffs to take all appropriate action required or permitted to be taken pursuant to this Agreement in order to effectuate its terms. Counsel for Defendants warrant and represent that they are authorized to take all appropriate action required or permitted to be taken by Defendants pursuant to this Agreement in order to effectuate its terms. Counsel for the Plaintiffs warrant and represent that they neither represent, nor are they aware of, any individuals who wish to bring any claim against Convergys based upon the same allegations raised in Plaintiffs' lawsuit. Counsel for the Plaintiffs represent that they have filed consent forms for every individual who has contacted them and indicated a desire to participate in this litigation. Plaintiffs and Counsel for Plaintiffs are aware of no other individuals who wish to participate in this lawsuit or have indicated a desire to initiate a new lawsuit making essentially the same allegations. Plaintiffs and their Counsel further warrant and represent that they have removed any and all advertisements, postings, notices, solicitations, or other communications that they have posted or published about the lawsuit, or, if not, will certify to Defendants' Counsel within seven days that such removal has occurred, and will not re-post or re-issue the same.

any and all advertisements, postings, notices, solicitations, or other communications that they have posted or published about the lawsuit, or, if not, will certify to Defendants' Counsel within seven days that such removal has occurred, and will not re-post or re-issue the same.

**AGREED AND ACCEPTED BY:**

**For Plaintiffs:**

Dated: 7-17-2017

*Tara Patton*
Tara Patton

Dated: 07-17-2017

*Amber Thirkill*
Amber Thirkill

Dated: 7/19/17

*Emily S. Emmons*
Emily S. Emmons on her behalf and on behalf of Gilbert McWherter Scott Bobbitt PLC

By signing this Agreement, Plaintiffs' Counsel agrees to waive all claims for costs, expenses, and attorneys' fees arising out of this litigation that are not provided for in this Agreement.

**AND**

**For Defendants:**

Dated: 7/20/17

*T. Jason Murphy* (Name)
Vice President, Assistant G.C. (Position)

Dated: 7/20/17

*Tyrol Hill*
Frost Brown Todd LLC
Counsel for Defendants

9

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing has been served via ECF upon the following on this 28th day of August, 2017:

  Emily S. Emmons
  Gilbert McWherter Scott Bobbitt PLC
  Chesapeake Centre
  341 Cool Springs Boulevard, Suite 230
  Franklin, Tennessee 37067
  eemons@gilbertfirm.com

  *Attorneys for Plaintiff*

              s/ Lynda M. Hill

1160264.0647158   4841-9330-1326v1