UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| TARA PATTON, ET AL., | ) | |
|---|---|---|
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | Case No. 1:17-cv-112 |
| v. | ) | |
| | ) | Judge Mattice |
| CONVERGYS CORPORATION, ET AL., | ) | Magistrate Judge Steger |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## **ORDER**

This matter is before the Court on the Joint Motion for Settlement Approval (Doc. 16) filed by the parties in regard to claims brought by named Plaintiff Tara Patton and opt-in Plaintiff Amber Thirkill under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

Pursuant to case law regarding settlement of FLSA claims, there are two ways in which claims of this nature can be settled and released by employees. First, under § 216(c), employees may settle and release claims under the FLSA if payment of unpaid wages by the employer is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a lawsuit brought by an employee against his or her employer under § 216(b), the employee may settle and release FLSA claims if the parties present to the court a proposed settlement agreement and the court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *Rampersad v. Certified Installation, LLC.*, 2012 WL 5906878, at *1 (E.D. Tenn. Nov. 26, 2012). This case presents the second of these circumstances, in

which employees have brought claims pursuant to § 216(b) and now present a proposed settlement agreement to the Court.

In detailing the circumstances justifying court approval of an FLSA settlement in the private litigation context, the Eleventh Circuit has stated:

> Settlements may be permisslbe in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food*, 679 F.2d at 1254.

After reviewing the relevant documents, including the parties' Joint Motion for Approval of Settlement and their proposed settlement agreement, the Court is satisfied that the compromise between the parties is a fair and reasonable resolution of the parties' *bona fide* dispute regarding Plaintiffs' claims of unpaid overtime. The negotiations that resulted in settlement were held at arms' length with the parties being represented by experienced and reputable counsel. The Settlement Agreement is a fair and reasonable compromise and takes into account each party's interest, benefits, and rights pursuant to the considerations set forth in *Lynn's Foods*. After considering all the facts and circumstances as reflected in the documents provided, the Court has no reservations about approving this settlement.

Accordingly, the proposed settlement, as contained in the parties' settlement agreement, is **APPROVED**. For that reason, **IT IS ORDERED** that the parties file a

joint stipulation of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) **on or before October 13, 2017**.

**SO ORDERED** this the 29th day of September, 2017.

       */s/ Harry S. Mattice, Jr.*
       HARRY S. MATTICE, JR.
       UNITED STATES DISTRICT JUDGE